Major General Vito J. Castellano NYARNG, State Director of Civil Defense Division of Military and Naval Affairs
You have inquired as to whether the Consolidated Erie County Office of Civil Defense has been terminated by virture of the happening of certain events hereinafter enumerated. You have transmitted copies of resolutions of the prior Board of Supervisors and the present County Legislature of the County of Erie, resolutions of the Common Councils of the Cities of Buffalo, Tonawanda and Lackawanna and official actions taken by the County Executive of Erie County.
It appears that in 1950 pursuant to statutory authority (New York State Defense Emergency Act, § 9132, Unconsolidated Laws), the County of Erie and the Cities of Buffalo, Tonawanda and Lackawanna duly approved the creation of a Consolidated County Office of Civil Defense for the County of Erie for the purpose of performing all civil defense functions for both the county and the cities and that a county director of civil defense was appointed by the board of supervisors of the county with the concurrence of the mayors of the respective cities. It would appear that at that time or soon thereafter, the Department of Civil Defense was created by Erie County to perform the functions and duties of the Consolidated Office of Civil Defense. By resolution adopted January 22, 1976, the Erie County Legislature abolished the Department of Civil Defense and created a new Division of Civil Defense within the Department of Fire Safety and that the positions (administrative officer, operations training officer, attack warning officer), theretofore existing in the Department of Civil Defense were transferred to the new Division of Civil Defense. At that time there apparently did not exist the position of County Director of Civil Defense.
It also appears that due to deficiencies in program and staffing, including the absence of a County Director of Civil Defense, the Federal Defense Civil Preparedness Agency held the county to be ineligible for federal civil defense financial and property assistance for the fiscal year 1976. This ineligibility continued through the fiscal years of 1977 and 1978. On February 15, 1978, the county executive created a new position of Erie County Director of Disaster Preparedness and designated such position to be the County Director of Civil Defense pursuant to the provisions of New York State Defense Emergency Act (Unconsolidated Laws, §§ 9101 and 9202). Thereafter the county submitted, and the Federal Civil Defense Preparedness Agency approved the county's eligibility for federal assistance for the fiscal year 1979.
Based on the above, you inquire as to whether the abolition of the Department of Civil Defense and Natural Disaster on January 22, 1976, or the county's ineligibility for federal assistance resulted in a termination of the Consolidated County Office of Civil Defense.
With respect to the dissolution of a Consolidated County Office of Civil Defense, the relevant statute (section 9132, subd. 4 Unconsolidated Laws), provides that with the approval of their respective governing bodies and of the State Civil Defense Commission, the chief executive officer of a county and the chief executive officer of a city may agree to dissolve a Consolidated Office of Civil Defense or upon 180 days notice to the other participants and to the State Civil Defense Commission, such an officer with the approval of the governing body of his county or city may unilaterally withdraw from such an office.
It is my opinion that the abolition by the County of Erie in January 1976 of the Department of Civil Defense and Natural Disaster and the transference of its personnel to the newly created Division of Civil Defense within the Department of Fire Safety did not constitute a dissolution or termination of the Consolidated County Office of Civil Defense, since the action was not taken upon 180 days notice to the other participants and to the State Civil Defense Commission as required by statute. It is also my opinion that the declaration of ineligibility for federal assistance for the fiscal years 1976, 1977 and 1978 did not affect the duly created Consolidated County Office of Civil Defense and did not result in a termination thereof. The Legislature having provided for a specific procedure to be followed to dissolve a Consolidated County Office of Civil Defense and such procedure not having been followed in this matter, it is not to be presumed that the Consolidated County Office was dissolved or terminated by the actions heretofore enumerated.